UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,<br><br>　　　　　　　　　　Defendant. | Case No.:  16cv1310 JLS (BGS)<br><br>**ORDER DENYING MOTION FOR LEAVE TO TAKE DISCOVERY FROM DEFENDANT**<br><br>[Docket No. 10] |

　　　Pro se Plaintiff David Scott Harrison brought this action pursuant to the Freedom of Information Act ("FOIA").  (Docket No. 1.)  Defendant United States filed an Answer on September 28, 2016.  (Docket No. 8.)   On October 17, 2016, Plaintiff filed a Motion for Leave to Take Discovery.[1]  (Docket Nos. 10.)

　　　In February 2015, Plaintiff sent a letter to the Hon. Larry Burns in which he asserted that Judge Burns should remedy Plaintiff's wrongful convictions because he was the prosecutor on the underlying conviction.  (Compl., Ex. A.)  Assistant United States Attorney Michael Wheat sent a letter, dated March 10, 2015, in response in which he

---

[1] Defendant has since filed a Motion for Summary Judgment that has been set for briefing before the district judge.  (Docket No. 11.)

1

referenced providing Plaintiff's letter to Judge Burns and his response to it to investigative agencies. (Compl., Ex. B.) Generally, Plaintiff's FOIA request sought records and documents identifying those investigative agencies. (Compl., Ex. E.) The Executive Office for United States Attorneys informed Plaintiff that no responsive documents were located and this litigation followed. (Compl., Ex. O.) Plaintiff now seeks to use discovery, specifically, interrogatories, requests for production, and admissions to locate records and documents identifying the investigative agencies referenced in the March 10, 2015 letter. (Mot. for Leave to Take Discovery at 2-3.)

"While ordinarily the discovery process grants each party access to evidence, in FOIA and Privacy Act cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents." *Lane v. Dep't of the Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (citing *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991)). "Courts routinely delay discovery until after summary judgment in such cases and this circuit has affirmed denials of discovery where . . . the plaintiff's requests consisted of 'precisely what defendants maintain is exempt from disclosure to plaintiff pursuant to FOIA.'" *Id.* at 1134-35 (internal citations omitted) (quoting *Pollard v FBI*, 705 F.2d 1151, 1154 (9th Cir. 1983)). Here, Plaintiff seeks leave to conduct discovery to obtain the records he believes he has been improperly denied under FOIA. Plaintiff is not entitled to this discovery at this stage of the case. Therefore, the Motion for Leave to Take Discovery is **DENIED**.

**IT IS SO ORDERED**.

Dated:  November 16, 2016

_____
Hon. Bernard G. Skomal
United States Magistrate Judge