UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SCOTT HARRISON,<br><br>                              Plaintiff,<br><br>v.<br><br>EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS,<br><br>                             Defendant. | Case No.: 16-CV-1310 JLS (BGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 11) |

      Presently before the Court is Defendant Executive Office for United States Attorneys' Motion for Summary Judgment. ("MSJ," ECF No. 11.) Also before the Court are Plaintiff David Scott Harrison's Response in Opposition to Defendant's MSJ, ("MSJ Opp'n," ECF No. 14), and Defendant's Reply in Support of its MSJ, ("Reply ISO MSJ," ECF No. 15). The Court vacated the hearing on the matter and took it under submission pursuant to Civil Local Rule 7.1(d)(1). After considering the parties' arguments and the law, the Court **DENIES** Defendant's Motion for Summary Judgment.

/ / /
/ / /
/ / /
/ / /

## BACKGROUND

Plaintiff filed suit against Defendant for improper withholding of public documents, records, and writings pursuant to the Freedom of Information Act ("FOIA").[1] (*See generally* Complaint ("Compl."), ECF No. 1.) On February 10, 2015, Plaintiff wrote a letter to Judge Larry A. Burns. (*Id.* ¶ 3, Ex. A.) The letter addressed Plaintiff's belief that his federal conviction was invalid, and Plaintiff sent a copy of this letter to the Office of the United States Attorney, Southern District of California, San Diego County Office. (*Id.*) On March 10, 2015, Assistant United States Attorney ("AUSA") Michael G. Wheat responded to the letter, noting that Plaintiff's letter to Judge Burns served "no legitimate purpose" and that Plaintiff has a long "history of engaging in various forms of harassing and threatening communications." (*Id.* Ex. B.) Wheat concluded the letter by stating that he was "sending a copy of [Plaintiff's] letter and this response to the appropriate investigative agencies so that they are aware of, and can monitor your activities." (*Id.* ¶ 4, Ex. B.) Plaintiff responded to Mr. Wheat's letter by asserting that he would file a FOIA request "concerning acts you claim in your letter to have taken against me" and that he would contact United States Attorney Laura E. Duffy concerning the same. (*Id.* ¶ 5, Exs. C, D.) Plaintiff filed his FOIA request with Duffy, requesting four categories of records. (*Id.* ¶ 6, Ex. E.) Specifically, Plaintiff requested

> all records, documents, information, writings, and tangible things, including electronically stored and/or transmitted:
>
> 1. that identify each and every one of the "appropriate investigative agencies" suggested in the March 10, 2015, letter; provide also street addresses;
>
> 2. that identify each and every other agency that was provided information about me due to my letter of February 10, 2015 (copy attached), as addressed to Judge, Larry A. Burns; provide also street addresses;

---

[1] 5 U.S.C. § 552 *et seq.*

> 3. that identify each and every law enforcement agent, non-law enforcement and other persons, department/agency employees, heads, functionaries, office holders, officials, public servants, and all other persons and citizens, to whom were sent information, at the identified agencies (see, #1 and #2, above) and to any other location; identify also, the agency and location each identified individual is attached to; provide also the street address for each identified individual; and
>
> 4. from November 14, 1988 through March 10, 2015, provide copies of all "harassing and threatening communications, . . . vexing, harassing, or threatening letters[]" suggested by the March 10, 2015, letter that I have ever sent. Identify in each communication and/or letter the offending part, and identify to whom, and the address sent to, of any communication and/or letter I am accused of sending.

(*Id.* Ex. E.)

On March 30, 2015, Plaintiff was notified that his FOIA request had been rerouted to the Freedom of Information/Privacy Act Unit at the Executive Office for United States Attorneys ("EOUSA") in Washington, D.C. (*Id.* ¶ 7, Ex. F.)

On April 9, 2015, the EOUSA rejected Plaintiff's FOIA request, finding that "[t]he Freedom of Information Act only applies to records already in existence and does not require an agency to conduct research, create new records, or answer questions presented as FOIA requests." (*Id.* ¶ 8, Ex. G.) Plaintiff appealed the denial of his FOIA request to the Director, Office of Information Policy on April 16, 2015. (*Id.* ¶ 9, Ex. H.) On August 31, 2015, the Office of Information Policy affirmed, on partly modified grounds, the denial. (*Id.* ¶ 10, Ex. I.) The letter suggested contacting the Office of Government Information Services ("OGIS") for mediation services to resolve FOIA disputes as a non-exclusive alternative to litigation. (*Id.*) On September 16, 2015, Plaintiff wrote to the OGIS for help resolving the dispute. (*Id.* ¶ 10, Ex. J.) But on October 7, 2015, Plaintiff received a letter from the EOUSA notifying him of its receipt of his "Freedom of Information Act/-Privacy

1  Act request dated September 16, 2015." (*Id.* ¶ 12, Ex. K.) And on October 8, 2015, the
2  OGIS notified Plaintiff of receiving his request for mediation services. (*Id.* ¶ 13, Ex. L.)
3  On October 30, 2015, Plaintiff notified the OGIS that the EOUSA was processing the FOIA
4  request, and thus Plaintiff no longer needed mediation services. (*Id.* ¶ 15, Ex. N.)

   On November 16, 2015, the EOUSA informed Plaintiff that "[a] search for records
6  located in the United States Attorney's Office(s) for the <u>Southern District of California</u> has
7  revealed no responsive records regarding the above subject." (*Id.* ¶ 16, Ex. O (emphasis in
8  original).) Plaintiff appealed this decision on November 21, 2015. (*Id.* ¶ 17, Ex. P.) The
9  Office of Information Policy affirmed the denial of Plaintiff's FOIA request on January 6,
10 2016, and again offered mediation services through the OGIS. (*Id.* ¶ 18, Ex. Q.) On January
11 15, 2016, Plaintiff again sought mediation services through the OGIS. (*Id.* ¶ 19, Ex. R.)
12 And on April 14, 2016, the OGIS informed Plaintiff that the "EOUSA confirmed the field
13 office completed a search and determined there were not responsive records." (*Id.* ¶ 20, Ex.
14 S.)

15  Plaintiff filed this FOIA case against Defendant on May 31, 2016. (ECF No. 1.)
16 Defendant answered on September 28, 2016. (ECF No. 8.) Defendant filed its MSJ on
17 November 3, 2016. (ECF No. 11.)

## LEGAL STANDARD

### I.   Summary Judgment

Under Federal Rule of Civil Procedure 56(a), a party may move for summary judgment as to a claim or defense or part of a claim or defense. Summary judgment is appropriate where the Court is satisfied that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When the Court considers the evidence

///

presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party. *Celotex*, 477 U.S. at 323. The moving party may meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'" that show an absence of dispute regarding a material fact. *Id.* When a party seeks summary judgment as to an element for which it bears the burden of proof, "it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *See C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

Once the moving party satisfies this initial burden, the nonmoving party must identify specific facts showing that there is a genuine dispute for trial. *Celotex*, 477 U.S. at 324. This requires "more than simply show[ing] that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts'" that would allow a reasonable fact finder to return a verdict for the non-moving party. *Celotex*, 477 U.S. at 324; *Anderson*, 477 U.S. at 248. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson*, 477 U.S. at 256.

**II. Summary Judgment in FOIA Cases**

"The Freedom of Information Act was enacted to facilitate public access to Government documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). The purpose of the Act is "'to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.'" *Id.* (citing *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). "Consistently with this purpose, as well as the plain language of the Act, the

///

5

16-CV-1310 JLS (BGS)

strong presumption in favor of disclosure places the burden on the agency to justify the withholding of any requested documents." *Id.*

Courts faced with a motion for summary judgment in a FOIA case generally must conduct a two-step inquiry. *Berman v. CIA*, 501 F.3d 1136, 1139 (9th Cir. 2007). The first step assesses whether the agency involved met its investigative obligations under FOIA. *Zemansky v. U.S. E.P.A.*, 767 F.2d 569, 571 (9th Cir. 1985). An agency can prove that it met its obligations by showing that it conducted a search "reasonably calculated" to uncover all relevant documents requested under FOIA. *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 770 (9th Cir. 2015). "An agency can demonstrate the adequacy of its search through reasonably detailed, nonconclusory affidavits submitted in good faith." *Id.* (internal quotation marks omitted). "Affidavits submitted by an agency to demonstrate the adequacy of its response are presumed to be in good faith." *Id.* (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). "In evaluating the adequacy of the search, the issue 'is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*.'" *Id.* (emphasis in original) (quoting *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 987 (9th Cir. 2009)).

The second step requires the court to consider whether the agency has adequately demonstrated that any information not disclosed to the FOIA requester is protected by at least one of the enumerated exemptions. *Id.* at 769.

"Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved." *Nat'l Res. Def. Council v. U.S. Dep't of Def.*, 388 F. Supp. 2d 1086, 1094 (C.D. Cal. 2005) (quotations omitted). "Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought." *Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1082 (9th Cir. 2004), *abrogated on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). "[I]f there are genuine issues of material fact in a FOIA case, the district court should proceed to a bench trial or adversary hearing. Resolution of factual disputes should

be through the usual crucible of bench trial or hearing, with evidence subject to scrutiny and witnesses subject to cross-examination. The district court must issue findings of fact and conclusions of law." *Animal Legal Def. Fund*, 836 F.3d at 990 (citation omitted).

## ANALYSIS

Defendant argues that it conducted an appropriate search for records responsive to Plaintiff's FOIA request, and determined that it did not possess any such records.[2] (MSJ 5, ECF No. 11-1 (citing Declaration of Katherine L. Parker ("Parker Decl.") ¶¶ 5–6, ECF No. 11-2).) Specifically, AUSA Katherine Parker conducted the following search in response to Plaintiff's FOIA request:

> 4. In late October 2015, EOUSA assigned Mr. Harrison's FOIA request to my office to search for responsive records. At that time, I reviewed Mr. Harrison's FOIA request in order to determine where and how to search for records.
>
> 5. Because all of the records that Mr. Harrison was requesting were related to a March 10, 2015 letter from Assistant U.S. Attorney Michael Wheat to Mr. Harrison, I determined that the best way to search for responsive records would be to speak with Mr. Wheat directly to determine what documents existed.
>
> 6. I telephoned Mr. Wheat about the FOIA request and we spoke about what Mr. Harrison was requesting. We discussed whether there were any records related to the "appropriate investigative agencies" referenced at the end of the March 10, 2015 letter. Mr. Wheat explained to me that he had not forwarded Mr. Harrison's February 10, 2015 letter (or his own responsive letter) to any investigative agencies, and had not otherwise notified any agencies about Mr. Harrison's letter to Judge Burns. He said there were no records responsive to items 1, 2, and 3. Based on that conversation, I concluded that there were no records responsive to requests 1, 2, and 3 in Mr. Harrison's FOIA

---

[2] Thus, Defendant does not argue that responsive documents were appropriately withheld under one of the enumerated FOIA exemptions.

>request, and that there would be no other searches I could conduct that might reveal responsive documents.
>
>7. I did not search for records responsive to request No. 4 in Plaintiff's FOIA request, and I did not discuss request 4 with AUSA Wheat, because my understanding was that Mr. Harrison had withdrawn item #4 and was only seeking documents responsive to items 1, 2, and 3.

(Parker Decl. ¶¶ 4–7, ECF No. 11-2.) Defendant argues this search was reasonable in light of the nature of the request. (MSJ 6, ECF No. 11-1 (citing, e.g., *Davis v. Dep't of Justice*, 460 F.3d 92, 103 (D.C. Cir. 2006) ("[T]he 'adequacy of an agency's search is measured by a standard of reasonableness, and is dependent upon the circumstances of the case.'" (quoting *Schrecker v. Dep't of Justice*, 349 F.3d 657, 663 (D.C. Cir. 2003))).)[3]

The Court disagrees. The core of Plaintiff's FOIA requests seek to identify to whom Mr. Wheat sent copies of his and Plaintiff's letter for alleged monitoring purposes. So Ms. Parker went straight to the source, "determin[ing] that the best way to search for responsive records would be to speak with Mr. Wheat directly to determine what documents existed." (Parker Decl. ¶ 5.) Ms. Parker called Mr. Wheat regarding Plaintiff's FOIA request and Mr. Wheat explained that he had not forwarded his or Plaintiff's letter to any investigative agencies, nor otherwise notified any agency about Plaintiff's letter to Judge Burns. (*Id.* ¶ 6.) Based on Mr. Wheat's explanation, Ms. Parker concluded there were no records responsive to Plaintiff's three FOIA requests. (*Id.*)

This is inadequate. Calling Mr. Wheat to discuss the matter is certainly part of an adequate search. But the Court is not convinced that it alone is sufficient, especially where, as here, Mr. Wheat and his conduct are the subject of Plaintiff's FOIA request. Nor has

---

[3] Defendant also argues that there is no basis for discovery in this case based on Plaintiff's then-pending "Motion for Leave to Take Discovery from Defendant." (MSJ 6, ECF No. 11-1 (citing ECF No. 10).) However, the Court denied Plaintiff's Motion on November 16, 2016. (ECF No. 13.) Accordingly, the Court does not consider these arguments in this Order.

Defendant identified a single case where a phone call or conversation has been held sufficient under FOIA, much less a case where that conversation included the subject of the FOIA inquiry. This Court declines the opportunity to be the first.

Of course, the Court has no reason to doubt the good faith of Ms. Parker or Mr. Wheat, and it may indeed be the case that these documents do not exist for the very reason submitted by Mr. Wheat. But that is not the issue here. The issue is the adequacy of the search conducted by Defendant, and the Court finds that Defendant's declaration fails to meet that mark.

To be sure, Ms. Parker concluded that "there would be no other searches [she] could conduct that might reveal responsive documents." (*Id.* ¶ 6.) But Ms. Parker does not explain *why* she concluded that an additional search would be fruitless. The Court will not credit this conclusion without further explanation. *See Hamdan*, 797 F.3d at 770 ("An agency can demonstrate the adequacy of its search through reasonably detailed, *nonconclusory* affidavits submitted in good faith." (emphasis added)). Accordingly, Defendant, the moving party, has failed to meet its burden and thus the Court **DENIES** Defendant's Motion for Summary Judgment.[4]

In his response in opposition, Plaintiff argues that this case cannot be decided without discovery. (MSJ Opp'n 6–7, ECF No. 14.) The Court disagrees.

As discussed above, "Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought." *Lion Raisins*, 354 F.3d at 1082. Moreover, "in [FOIA] cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery." *Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (collecting cases). While discovery may be appropriate in some cases, *see, e.g.*, *id.* at 1135 (discussing possibility of discovery for violation of a separate act by improperly accessing a personnel file), Plaintiff fails to

---

[4] For this reason the Court does not reach Plaintiff's arguments that genuine issues of material fact prevent the Court from granting Defendant's MSJ. (*See* MSJ Opp'n 6–7, ECF No. 14.) Plaintiff is of course free to re-raise these arguments if Defendant again moves for summary judgment.

demonstrate that discovery is appropriate in this case. Specifically, Plaintiff argues that discovery is "necessary in this exceptional case, so that the truth may be untangled from the web of lies spun by Mr. Wheat" and that "Mr. Wheat must answer, under oath, for his actions." (MSJ Opp'n 6–7.) In other words, Plaintiff seeks to discover whom Mr. Wheat contacted regarding Plaintiff's letter. But this is exactly what Plaintiff unsuccessfully sought in his three FOIA requests. Accordingly, Plaintiff fails to convince the Court that discovery is appropriate, much less necessary, in this case. *Cf. Lane*, 523 F.3d at 1135 ("[T]his circuit has affirmed denials of discovery where, as here, the plaintiff's requests consisted of 'precisely what defendants maintain is exempt from disclosure to plaintiff pursuant to the FOIA.'" (quoting *Pollard v. FBI*, 705 F.2d 1151, 1154 (9th Cir. 1983))).

Instead, at this juncture the Court will allow Defendant an opportunity to again move for summary judgment and attach any revised declarations responsive to this Court's Order. *See, e.g.*, *Jarvik v. C.I.A.*, 741 F. Supp. 2d 106, 122 (D.D.C. 2010) ("Even if an agency's affidavits regarding its search are deficient, courts generally do not grant discovery but instead direct the agency to supplement its affidavits."). Whether Plaintiff will eventually be entitled to discovery may depend on Defendant's ability to submit evidence that it conducted an adequate search. *See, e.g.*, *id.* at 122 ("Only if the agency has not undertaken an adequate search for responsive documents is discovery appropriate.").

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Summary Judgment (ECF No. 11). Defendant **SHALL** file a renewed Motion for Summary Judgment, if any, <u>on or before thirty (30) days from the date on which this Order is electronically docketed</u>.

**IT IS SO ORDERED.**

Dated:  March 30, 2017

*[signature]*
Hon. Janis L. Sammartino
United States District Judge